# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK
# BROOKLYN DIVISION

Felicia Cabrera
218 74th St. C2
Brooklyn, NY 11209

     Plaintiff,

v.

Portfolio Recovery Associates, LLC
120 Corporate Blvd., Suite 100
Norfolk, VA 23502

     Defendant.

CASE NO.: **CV 08   3180**

JUDGE:   **AMON, J.   GO, M.J.**

**COMPLAINT FOR DAMAGES
UNDER THE FAIR DEBT COLLECTION
PRACTICES ACT AND OTHER
EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 04 2008 ★

BROOKLYN OFFICE

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

1

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. In or around November 2007, during a telephone communication with Plaintiff, Defendant threatened to garnish Plaintiff's wages if the debt was not satisfied.

10. At the time of the communication referenced above, Defendant had not obtained a judgment against Plaintiff.

11. During this communication, Plaintiff and Defendant agreed that Plaintiff would pay $200 that month and $100 each month thereafter until the debt was satisfied.

12. In accordance with the agreement, Plaintiff made payments of $200 for November 2007, $100 for December 2007, $100 for January 2008, and $100 for February 2008.

13. Despite receipt of Plaintiff's payments, Defendant telephoned Plaintiff at her place of employment on numerous occasions between December 2007 and March 2008.

14. During several of these communications, Plaintiff informed Defendant that Plaintiff was not permitted to receive personal telephone calls at work.

15. Defendant ignored Plaintiff's repeated notices and continued to telephone Plaintiff at Plaintiff's place of employment.

16. During several of these communications, Defendant claimed to have never received any payments from Plaintiff.

17. During at least one of these communications, Plaintiff informed Defendant that Plaintiff had proof of the payments and sent Defendant a facsimile showing proof of payments.

18. After receiving Plaintiff's facsimile, Defendant telephoned Plaintiff's place of employment again and claimed that the previous payment arrangement was no longer a valid agreement and demanded that Plaintiff increase Plaintiff's monthly payments.

19. During this communication, Plaintiff stated that Plaintiff could not afford a larger payment, and Defendant responded that Defendant would just take Plaintiff to court.

20. Defendant repeated this threat to sue Plaintiff on several occasions, but continued to accept Plaintiff's payments.

21. Plaintiff's boss ("Boss") overheard at least one of these communications.

22. As a result of Defendant's repeated telephone calls, Boss reprimanded Plaintiff.

23. Defendant damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

24. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

35. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

36. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: _Michelle Labayen_

Michelle A. Labayen ML2960
Bar No. 6868
420 Lexington Avenue, Suite 2132
New York, NY 10170
Telephone: 866-339-1156
Email: mal@legalhelpers.com
Attorneys for Plaintiff